MILLER, Judge
(dissenting).
I respectfully submit the majority’s reliance on the Graham-Deane rationale is misplaced. Two uninsured motorist premiums were paid by Kelly to State Farm on Kelly’s behalf, but not with respect to plaintiff Seaton,' a non-related guest passenger. The issue here is not “stacking” but instead, is plaintiff Seaton an insured under Kelly’s policy written on Kelly’s Volkswagen, his second car ?
*515 We held in Raggio v. Volkswagen Insurance Company, 327 So.2d 505 (La.App. 3 Cir. 1976) that premiums can be paid for a third person’s benefit as well as paid by that person. However, to find premiums were paid for a third person’s benefit, the intent to benefit the third person must appear.
The coverage intended by the policy provision in dispute is well understood. As to Kelly’s VW, Kelly purchased benefits for passengers physically in the VW. That is the common sense understanding of the policy provision affording coverage to persons “occupying an insured automobile.” It is not realistic to find additional coverage for another abstract class of “occupants of insured automobiles.” Premiums are set and paid in terms of contemplated risks. Kelly did not pay a premium for his VW insurance to insure guest passengers in Kelly’s Courier against injuries from uninsured motorists.
Grammatical analysis is insufficient to justify this decision. “An” instead of “the” may fail to exclude Seaton from coverage, but it does not demonstrate intent to provide coverage for him. The analysis disregards, without explanation, the policy definition of “an insured automobile.”
The public policy involved is that uninsured motorist coverage shall be available in the full amount of the minimum requirement for each coverage purchased. But this public policy does not require an extension of this coverage to persons not specifically included as insureds.
Seaton was allowed to stack coverages and has recovered his uninsured motorist coverage on both his cars and that decision was not appealed. He has also been allowed to stack and recover under the uninsured motorist coverage provided by his host Kelly on the Courier in which Seaton was riding when the accident occurred. Kelly’s policy provisions on his VW do not include this plaintiff as an insured.
I therefore respectfully dissent.